Patricia J. Curto, West Seneca, NY, pro se.

Jonathan M. Bernstein, Goldberg Segalla LLP, Albany, N.Y. for Debra Bender, Wendy Kummer, Kelly Vacco, Michael Metzger, Town of Boston Justice Court, and Town of Boston.

George Michael Zimmermann, First Assistant County Attorney (Laurence K. Rubin, Erie County Attorney, on the brief), Buffalo, N.Y. for Amy Goldstein, Brian Parker, Frank Clark, and Erie County District Attorney's Office.

Edward Lindner, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Andrea Oser, Assistant Solicitor General, on the brief), Albany, N.Y. for Christopher J. Burns and David C. Caywood.

Peter P. Vasilion, Berkowitz & Pace, Orchard Park, N.Y. for John Zittel, for Appellees.

Patricia J. CURTO, Plaintiff–Appellant,

v.

Debra BENDER, et al., Defendants–Appellees.

No. 05–2339–cv.

United States Court of Appeals, Second Circuit.

Aug. 14, 2007.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. RICHARD MILLS, District Judge.*

## SUMMARY ORDER

Plaintiff Patricia Curto, appearing *pro se,* appeals from a decision of the United States District Court for the Western District of New York (William M. Skretny, *Judge* ), granting defendants' motion to dismiss her complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

of appellate issues, which we reference only as necessary to explain our decision to affirm.

This Court reviews *de novo* the grant of a motion to dismiss under Rule 12(b)(6), accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor. *See Allaire Corp. v. Okumus,* 433 F.3d 248, 249–50 (2d Cir. 2006). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir.2002) (brackets and internal citation omitted). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comms., Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98, (2d Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

We have considered all of Curto's arguments, and, like the district court, we have construed her *pro se* submissions liberally. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006) (per curiam). We nonetheless find that the complaint fails to state a claim upon which relief can be granted for substantially the same reasons stated in the district court's Decision and Order dated March 28, 2005.

Accordingly, the judgment of the district court is AFFIRMED.